**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Brian Scott Dahl, | ) | Case No. 4:13-cr-104 |
| | ) | |
| Defendant. | ) | |

---------------------------------------------------------------------------------------------------------------------

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. §
3582(c)(1)(A), filed on January 9, 2024.  See Doc. No. 148.  The Government filed a response in
opposition to the motion on January 18, 2024.  See Doc. No. 150.  The Defendant filed a reply on
May 1, 2024.  See Doc. No. 154.  For the reasons set forth below, the motion is denied.


I.      **BACKGROUND**

On October 16, 2013, the Defendant pled guilty to one count of conspiracy to distribute a
controlled substance (Count One) and one count of possession of a firearm in furtherance of a drug
trafficking crime (Count Two). See Doc. No. 61.  On November 3, 2014, the Court sentenced Dahl
to 120-months imprisonment on count one and 84-months imprisonment on count two, to run
consecutively for a total of 204 months imprisonment.  See Doc. No. 107.

On January 9, 2024, the Defendant filed his fourth motion seeking a sentence reduction under
18 U.S.C. § 3582(c)(1)(A) citing his health problems as "extraordinary and compelling" reasons
justifying the requested sentence reduction.  See Doc. No. 148.  The Government filed a response in
opposition to the motion contending the Defendant had failed to provide an appropriate basis for a
sentence reduction.  See Doc. No. 150.  The Defendant filed a reply support of the motion.  See Doc.

No. 154.  The Defendant is serving his sentence at FCI Phoenix, in Phoenix Arizona.  He has presumptive release date of August 21, 2027.

## II.     LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  In this case, it is undisputed the Defendant has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  See 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a right to a hearing.  See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed.  This all changed when the First Step Act was signed into law on December 21, 2018.  The relevant portion of the new law now reads as follows:

**(c) Modification of an imposed term of imprisonment**.--The court may not modify

a term of imprisonment once it has been imposed except that–

**(1)** in any case–

**(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

**(i)** extraordinary and compelling reasons warrant such a reduction;

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

**(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

**(1)**     **(A)** Extraordinary and compelling reasons warrant the reduction; or

**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

**(3)** The reduction is consistent with this policy statement.

**(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

**(1) Medical Circumstances of the Defendant**.--

**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is–

**(i)** suffering from a serious physical or medical condition,

**(ii)** suffering from a serious functional or cognitive impairment, or

**(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

4

outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

**(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

**(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public.  See U.S.S.G. § 1B1.13(2). A  court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release.  See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court.  United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

The Defendant's primary contention is that his health problems including obesity, peripheral neuropathy, heart disease, COPD, and a traumatic brain injury along with the Covid19 pandemic qualify as extraordinary and compelling reasons warranting a sentence reduction.  The Defendant is 61 years of age and has approximately 39 months left on his 204-month sentence.  His presumptive release date is August 21, 2027.  At sentencing, the Defendant  was found to have a criminal history category IV.  His advisory Sentencing Guideline range was 151-188 months.  However, he was subject to a mandatory minimum sentence of 10 years on Court One and a consecutive 7-year mandatory minimum sentence on Count Two resulting in a 204-month sentence.

The medical records indicate the defendant currently uses a walker.  See Doc. No. 151, p. 50. Despite his claim he uses both a walker and a wheelchair, medical records indicate he stopped using a wheelchair in 2021.  Id.  The Defendant has not demonstrated that his medical conditions have significantly impacted his day-to-day living and has affected his ability to provide self-care.  He does require a lower bunk.  The medical records demonstrate that the medical care he is receiving at FCI Phoenix is timely and appropriate.  Thus, there is no basis to conclude that the Defendant's medical care cannot be effectively managed at FCI Phoenix at this time.  There is no medical evidence the Defendant cannot provide himself with self-care.  While the Defendant has serious medical problems,

since the Defendant does not have an end of life trajectory and the Defendant is able to provide himself with self-care, he has not established that his medical problems warrant a sentence reduction.

The COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction. As the Third Circuit Court of Appeals commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In *United States v. Gater*, the Eighth Circuit Court of Appeals found the district court did not misapply Section 3582(c)(1)(A) or abuse its discretion in denying the defendant's motion for compassionate release due to COVID-19. No. 20-2158, slip op. at 4 (8th Cir. May 24, 2021). The Eighth Circuit stated:

> The substance of the district court's order demonstrates that the court found Gater did not have any 'major' medical issues and the mere possibility of contracting COVID-19 in prison, alone, without a showing that the BOP is unwilling or unable to guard against or treat the infection does not meet the extraordinary or compelling standard to warrant a sentence reduction.

Id. The defendant in *Gater* disagreed with the district court's analysis that COVID-19 is not an extraordinary and compelling reason to warrant a sentence reduction. The Eighth Circuit noted Gater's care level in prison "demonstrates no particularized susceptibility to COVID-19." Id.; see also, United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) (noting "[f]ear of COVID doesn't automatically entitle a prisoner to release" and affirming denial of compassionate release request to otherwise healthy defendant who had two, well-controlled, chronic medical conditions). The threat of contracting COVID-19 in the prison environment "is not by itself sufficient reason to modify a lawfully imposed prison sentence." United States v. Marcussen, 15 F.4th 855, 858 (8th Cir. 2021). District courts have concluded similarly. See United States v. Eberhart, Case No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (A general concern about possible exposure to

COVID-19 does not meet the criteria for extraordinary and compelling reasons for a reduction in sentence).

This does not mean that COVID-19 is not relevant to the Court's totality of circumstances analysis when considering a motion for reduction of sentence. All factors must be considered. COVID-19 is an extremely dangerous illness. It has caused more than **1,100,000** deaths in the United States to date along with severe societal and economic disruption. In response to the pandemic, the BOP has taken significant measures to protect the health of the inmates in its charge including working with the United States Centers for Disease Control to minimize the risk of COVID-19 transmission with its facilities. The risk of infection is very real, both within BOP facilities and in society in general. Release from prison does not abate the risk. The COVID-19 vaccines have been shown to be highly effective in preventing severe disease, especially amongst older persons.

While sympathetic to the Defendant's concerns regarding the presence of COVID-19, or a new strain of COVID-19, in the federal prison system, the Court does not find that his circumstances clear the high bar necessary to warrant a sentence reduction. The Defendant's situation is not unique and does not rise to the level of "extraordinary and compelling reasons" as contemplated by Section 3582(c)(1)(A)(i).

In addition, the Court concludes the Section 3553(a) factors weigh strongly against any sentence reduction. The Defendant has an extensive prior criminal history spanning approximately 25 years. The offenses in this case are a serious drug trafficking crime along with a firearms offense and the forfeiture of 20 firearms. The Defendant fell within criminal history category of IV. The Court sentenced him to 204-months of imprisonment. The need for the sentence imposed under Section 3553(a)(2)(A)-(C) still remains given the scale of the crime (the distribution of approximately 3 kilograms of methamphetamine and the possession of numerous firearms) and the significant

reduction in sentence previously granted to the Defendant.  Granting Defendant's motion under 18

U.S.C. § 3582(c)(1)(A) would undermine these factors.

The Court has carefully reviewed the entire record and concludes the Defendant has failed to

demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction.  See

United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish

a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

III.    CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 148) is

DENIED.

IT IS SO ORDERED.

Dated this 15th day of May, 2024.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court